THE MECHANICS AND TRADERS BANK OF NEW ORLEANS *v.*
LEONARD MONSARRAT and others.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Sterrett*, for the appellants.

*Soulé*, contra.

MORPHY, J. Leonard Monsarrat as principal, and Jean Lacoste and Auguste O'Duhigg as his sureties, are sued on a bond, whereby they bound themselves, jointly and severally, unto the petitioners, in the sum of $15,000, that said Monsarrat should well and truly and faithfully do and perform, all and singular the duties of the office of paying and receiving teller, in the Mechanics and Traders Bank ; that he should render a faithful account of all moneys and effects committed to his charge, or under his control ; and, generally, should save the Bank harmless, for or on account of any negligence or misconduct of the said Monsarrat. It is charged, that, owing to the gross and culpable neglect and misconduct of the latter, the petitioners have suffered a loss of $12,760 04 ; this amount having been paid by him, without authority, out of the funds of the Bank, on or about the 18th of March, 1840, on the checks of a certain S. W. Wolcott, when he had no funds in the Bank. The defendant, Monsarrat, pleaded the general issue, admitting, however, the alleged overdraft, but denying his liability therefor. He averred, that the nature of the mandate entrusted to him by the Bank, was not such as to impose any absolute obligation, whereby the mere fact of his paying, on presentation, any check drawn by a customer of the Bank, could make him responsible for any amount which might have been thus overdrawn, unless it should appear, that there was either gross negligence on his part, or an actual connivance with the person or persons practicing such frauds on the Bank ; that a correct and strict performance of the duties attached to the office he held in the Bank, could not depend on his ability, skill, and prudence alone, but was, and necessarily has been, subservient to the faithful discharge of the relative duties imposed on other clerks,

and without which his utmost exertions and punctuality could be of no avail. The defendant further averred, that in the present case, he was deprived of the means whereby, in every well regulated Bank, he could have been enabled to discover the fraud committed on the plaintiffs, soon enough to prevent its reaching any considerable amount; that the overdraft was effected by means of several checks, all presented on the same day, the first ones of which were for a comparatively small sum; that being drawn on a large account, generally regular and correct, the said checks must have been, and actually were, presumed not to overdraw the balance of funds belonging to the drawer; and, finally, that the payments made on the overdraft of the said S. W. Wolcott, cannot be attributed to his fault or neglect, but were the result of an error which he could not have suspected or discovered, and for which he cannot be held liable.

The other defendants prayed oyer of certain books and papers; whereupon, by consent, the cause was tried, and submitted to a jury, as against Monsarrat alone. He having had a verdict and judgment below in his favor, the petitioners appealed, after vainly endeavoring to obtain a new trial.

The question presented by the issue joined was one of fact, to wit; whether there had been negligence on the part of defendant in the discharge of his duties to the plaintiffs. A great deal of evidence was adduced on the trial, showing the respective duties of the paying teller and book-keeper of a Bank; the extreme difficulty of avoiding errors when the offices of paying and receiving teller are united in the same person; the cases in which it is the duty of the paying teller to inquire of the book-keeper, whether the drawer of a check has funds to meet it; the well established usage in all Banks of paying checks, without inquiry, when the drawer keeps a good and regular account, and there is no room for suspicion; the assistance which the book-keeper of a bank is bound to afford the paying teller, by advising him, from time to time, of the state of such accounts as are suspicious, or overdrawn, &c.

The jury, who heard all the testimony, and applied it to the circumstances of this case, came to a conclusion, which we do not

feel ourselves authorized to say, is so clearly erroneous as to make it our duty to set aside their verdict.

*Judgment affirmed.*